995 F.2d 1064
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Julio C. TRIGO, Plaintiff-Appellant,
v.
Audrey MOORE, in her official capacity; Martha V. Pennino,
in her official capacity; Joseph Alexander, in his official
capacity; Sharon Bulova, in her official capacity; Thomas
M. Davis, III, in his official capacity; Katherine K.
Hanley, in her official capacity; Gerald W. Hyland, in his
official capacity; Elaine McConnell, in her official
capacity; Lilla Richards, in her official capacity; Thomas
L. Vaclavicek, Individually; Vincenta M. Cardona,
Individually; James S. Baumstark, Individually, Defendants-Appellees,
and
FAIRFAX COUNTY BOARD OF SUPERVISORS; Colonel John E.
Granfield, Defendants.
 No. 92-1516.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 18, 1993
Decided: June 7, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, T. S. Ellis, III, District Judges; Barry R. Poretz, Leonie M. Brinkema, Magistrate Judges. (CA-91-1263-A)
 Julio C. Trigo, Appellant Pro Se.
 Robert Marvel Ross, County Attorney's Office, Fairfax, Virginia, for Appellees.
 E.D.Va.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 Before HALL, MURNAGHAN, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 Julio C. Trigo appeals the district court order granting a directed verdict in favor of the Defendants in his civil suit alleging that excessive force was used in arresting him. The district court granted a directed verdict, holding that the police officers were entitled to qualified immunity as to Trigo's 42 U.S.C. § 1983 (1988) claim and that a jury could not find in Trigo's favor on his claims of false arrest, malicious prosecution, assault and battery, and intentional infliction of emotional distress. Because we find that a directed verdict was appropriate in this case only on the malicious prosecution issue, we affirm in part,* vacate the district court's order in part, and remand the case to the district court.
 
 
 2
 Trigo sued Fairfax County Police Officers Vaclavicek, Cardona, and Baumstark, alleging violation of his civil rights, false arrest and imprisonment, malicious prosecution, assault and battery, and intentional infliction of emotional distress. A trial was held to determine whether the officers were liable.
 
 
 3
 At trial, Trigo contended that on the evening in question he was alternating between walking and jogging from a party to a friend's house where he was staying. He noticed that a police car had made a traffic stop. As he walked by, he glanced into the car, then turned away and began to run toward his friend's house. The officer in the car, Officer Cardona, thought Trigo's behavior was strange. When her back-up, Officer Baumstark, arrived, she asked him to follow Trigo to see what he was doing.
 
 
 4
 Baumstark followed Trigo in his police car and pulled alongside him. He called out to Trigo to "pull over." Trigo allegedly responded with profanity. Baumstark pulled away and returned a few moments later, making a u-turn in front of Trigo. When Cardona finished her traffic stop, she also drove toward Trigo. At their first encounter, Cardona contends that she asked Trigo for identification, only to be answered by Trigo with profanity. Trigo contends that, without saying anything else, Cardona ordered him to the ground.
 
 
 5
 According to Cardona, Trigo then ran away and she and Baumstark were forced to chase him. After the chase, she asserts that Trigo was flailing his arms about and she hit him in the legs several times with her baton because she thought she saw a handcuff swing from one of his wrists. Trigo, on the other hand, contends that Cardona was coming toward him with her baton, as if to strike him and he stepped back. Cardona then struck him several times with the baton.
 
 
 6
 Trigo then fell to the ground and was handcuffed by Baumstark and taken to the police car to be searched. Vaclavicek, a third officer who had arrived on the scene, yanked Trigo's handcuffed hands straight upward, an unorthodox maneuver that he contends was necessary to keep Trigo still while he was being searched. Trigo contends that he was still and the maneuver was unnecessary. Vaclavicek then told Trigo that would be a lesson to him not to cross the Fairfax County Police Department. Trigo was then taken to a detention center and charged with being drunk in public and disorderly conduct. He was later found not guilty of all charges.
 
 
 7
 At the conclusion of Trigo's case, the Defendants moved for a directed verdict. The trial judge, relying on Gooden v. Howard County, 954 F.2d 960 (4th Cir. 1992) (in banc), found that the officers were entitled to qualified immunity on the § 1983 claim. Further, the judge found that Trigo could not recover on any of the tort claims and granted the Defendants' motion for a directed verdict. Trigo appeals.
 
 
 8
 This Court reviews directed verdicts de novo to determine "whether, without weighing the evidence or considering the credibility of witnesses, 'there can be but one conclusion as to the verdict that reasonable jurors could have reached.' " Gairola v. Virginia Dep't of Gen. Servs, 753 F.2d 1281, 1285 (4th Cir. 1985) (quoting Wheatley v. Gladden, 660 F.2d 1024, 1027 (4th Cir. 1981)). This inquiry focuses on whether there was sufficient evidence for a jury to proceed to reach a verdict. Id.
 
 
 9
 The district court determined that the officers' conduct was objectively reasonable and, relying on Gooden, granted a directed verdict. The judge found that, although there was conflicting testimony as to the amount of profanity that Trigo used, the officers had probable cause to arrest him for curse and abuse. Further, the judge found that Cardona had an objectively reasonable purpose for striking Trigo in the legs when he was allegedly flailing his arms and Vaclavicek's pulling Trigo's arms upward was reasonable, even though Trigo testified that he submitted to the search.
 
 
 10
 A directed verdict was not properly granted in this case. This case, like Rainey v. Conerly, 973 F.2d 321, 324 (4th Cir. 1992), is distinguishable from Gooden, which the court relied on for its judgment. Here, as in Rainey, the crux of the dispute revolves around the level of force used by the officers and it is necessary to determine which version of the facts is true in order to determine if the officers' actions were reasonable. Rainey, 973 F.2d at 324.
 
 
 11
 A reasonable jury could find for Trigo if it believed his version of certain crucial facts. Trigo testified that when he was struck with the baton, Cardona was on one side of him and Baumstark on the other and Trigo was not running or flailing, but standing still trying to watch both of them as Cardona came toward him. Baumstark and Cardona, on the other hand, contend that Trigo was flailing about and Cardona was defending herself. The jury's determination of this central fact would determine whether Cardona's use of force was objectively reasonable. See Graham v. Connor, 490 U.S. 386 (1989) (holding that objective reasonableness is the standard for claims of excessive force during arrest).
 
 
 12
 The district court erred in granting a directed verdict based on qualified immunity. This case is more closely analogous to Rainey than Gooden, which the court used because the central issue is the amount of force used. Further, as this case was already in the trial phase, the goal of qualified immunity to spare the defendants the burden and uncertainty of trial would not be served by granting a directed verdict. See Gooden, 954 F.2d at 965. Because there were critical issues of fact that needed to be determined before the officers' actions could be labeled as reasonable or unreasonable, the directed verdict was not properly granted.
 
 
 13
 The court also improperly granted a directed verdict on Trigo's tort claims. In light of the conflicting testimony regarding the parties' behavior, it is possible that a reasonable jury might have found in Trigo's favor on the tort claims. Because there is more than one conclusion that a rational jury could have reached, the directed verdict was not proper.
 
 
 14
 We affirm the district court's order directing a verdict for Defendant Vaclavicek on the malicious prosecution issue and vacate the district court's order granting directed verdict on all other issues and remand the matter to the district court for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 15
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 *
 We affirm the district court's order with respect to the malicious prosecution claim against Vaclavicek because Trigo conceded at trial that there was no basis for the charge